**SO ORDERED.**

**SIGNED this 07 day of May, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ARNOLD FRYE and
MARLENA FRANCES EVANS,

        Debtors.                        Case No.: 05-07015-8-JRL
                                                                         Chapter 7
_____

JAMES B. ANGELL, Chapter 7 Trustee
for Arnold Frye and Marlena Frances Evans,

        Plaintiff,

v.                                                            Adversary Proceeding No.:
                                                          L-06-00068-8-AP

JOSEPH WILLIAM PYLYPIW,

        Defendant.
_____

**ORDER**

      This case is before the court on the trustee's motion for summary judgment. On April 25, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

1

## **PROCEDURAL HISTORY**

On September 8, 2005, the debtors filed for relief under Chapter 7. On April 19, 2006, the Chapter 7 trustee commenced this adversary proceeding against the defendant, Joseph Pylypiw, alleging that Mr. Pylypiw had entered into a sales agreement with the male debtor and had failed to pay an outstanding balance of $42,000.00 for goods provided pursuant to the agreement. Mr. Pylypiw filed a responsive pleading, asserting that the male debtor had failed to provide him with all of the goods to be transferred or delivered pursuant to the sales agreement.

On September 26, 2006, the Chapter 7 trustee served Mr. Pylypiw via first class mail with interrogatories, requests for admissions, and requests for production of documents. Mr. Pylypiw failed to respond to these discovery requests. In a letter dated November 9, 2006, the trustee's attorney wrote Mr. Pylypiw, notifying him that the deadline for discovery responses had passed but directing him to contact the trustee's attorney in the event he needed additional time to respond. Mr. Pylypiw did not respond to the letter. On November 29, 2006, the trustee moved for summary judgment on the complaint, asserting that the matters requested for admission were conclusively established because Mr. Pylypiw had failed to provide a response. The trustee attached the sales agreement, the unanswered discovery requests, and the letter of November 9, 2006 to the motion for summary judgment. On November 30, 2006, the court served a memorandum regarding summary judgment to Mr. Pylypiw via first class mail. The memorandum explained that Mr. Pylypiw needed to file affidavits or other material by December 22, 2006 in order to persuade the court that a genuine issue of material fact remained to be decided. Mr. Pylypiw did not provide a response to the motion for summary judgment.

**UNDISPUTED FACTS**

1. On May 7, 2004, the male debtor entered into a sales agreement with Mr. Pylypiw for the transfer and sale of the assets of a security business owned and operated by the debtors.

2. In exchange for the transfer of the assets, Mr. Pylypiw agreed to pay $50,000.00.

3. Mr. Pylypiw did not fulfill all of his obligations under the sales agreement.

4. As of the petition date, Mr. Pylypiw owed a balance of $42,000.00 for goods provided pursuant to the sales agreement.

5. The $42,000.00 owed is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541.

6. The debt of $42,000.00, as a matured debt which is payable upon demand, should be paid to the trustee, pursuant to 11 U.S.C. § 542.

7. The trustee has made demand for payment of the $42,000.00 owed pursuant to the sales agreement, but Mr. Pylypiw has failed to pay the outstanding amount.

8. The male debtor fulfilled his obligations under the sales agreement and satisfied all conditions for payment under the terms of the sales agreement.

9. All of the allegations made in the trustee's complaint are true as plead.

10. All documents attached to the trustee's complaint and discovery requests are true and accurate copies that are admissible business records.

11. Mr. Pylypiw purchased and received all items of goods and services described in the attachments to the complaint.

12. Mr. Pylypiw owes the trustee the remaining balance pursuant to the sales agreement.

13. Mr. Pylypiw is not entitled to any further credits, offsets, or deductions of the amount

owed.

14.     There are no facts upon which Mr. Pylypiw relies as a basis for any defense in this action.

15.     There are no documents or papers or other physical evidence upon which Mr. Pylypiw relies as a basis for defense in this action.

## STANDARD OF REVIEW

Bankruptcy Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, "[summary] judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In making the determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962).  Nevertheless, an issue of fact cannot be created through "mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Once a motion for summary judgment is made and supported under Rule 56, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

## DISCUSSION

A matter is deemed admitted if a written answer or objection is not timely made to the

request for admission. Fed. R. Bankr. P. 7036, Fed. R. Civ. P. 36(a). "The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect." U.S. v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992). A matter admitted is conclusively established unless the court on motion permits withdrawal or amendment to the admission. Fed. R. Civ. P. 7036; Fed. R. Civ. P. 36(b). Mr. Pylypiw failed to respond to the requests for admissions served by the trustee in this case, and he failed to move for withdrawal or amendment of his admissions. Seven months after the requests for admissions were served, Mr. Pylypiw appeared at the hearing on the trustee's motion for summary judgment. Mr. Pylypiw asserted that the male debtor had failed to provide Mr. Pylypiw with all of the assets to be transferred or delivered pursuant to the sales agreement. Mr. Pylypiw disagreed with the balance owed pursuant to the sales agreement. When the court asked Mr. Pylypiw if he had received the discovery requests in this adversary proceeding, Mr. Pylypiw admitted that he had received the documents in this case. Mr. Pylypiw, however, neglected this case by disregarding Rule 36 of the Federal Rules of Civil Procedure. The court finds that all admissions were conclusively established by Mr. Pylypiw's failure to respond to the requests for admissions and failure to move for withdrawal or amendment of his admissions. Admissions deemed conclusive may be a basis for summary judgment. Dukes v. South Carolina Ins. Co., 770 F.2d 545, 549 (5th Cir. 1985).

     Even in the light most favorable to the non-moving party, the conclusive effect of Mr. Pylypiw's admissions leaves no genuine issue of fact for trial. Accordingly, the trustee's motion for summary judgment is allowed. The court grants the judgment in the amount of $42,000.00 in favor of the trustee and against Mr. Pylypiw.

END OF DOCUMENT